# Kennedys

January 24, 2025

**Via ECF**

The Honorable Marcia M. Henry
United States District Court
Eastern District of New York
225 Cadman Plaza East, Courtroom 504N
Brooklyn, NY 11201

570 Lexington Avenue
8th Floor
New York, NY 10022
USA

t +1 212.252.0004
f +1 212.832.4920
kennedyslaw.com

t +1 646.625.3963
Laura.Dowgin@kennedyslaw.com

      Re:    *Hiscox Insurance Company v. Highline Developers NY Inc et al.,* Civil Action No. 1:24-cv-08533-AMD-MMH

**Letter Request Seeking Exemption from Court-Annexed Arbitration Pursuant to Local Civil Rule 83.7(e)(2)**

Dear Judge Henry:

      This office represents Plaintiff Hiscox Insurance Company ("Hiscox") with respect to this matter. I write in regard to the Court's January 7, 2025 Notice designating the above-referenced case for Court-Annexed Arbitration [D.E. 7]. Pursuant to Local Civil Rule 83.7(e)(2), Hiscox respectfully submits this letter request that the Court deem this matter exempt from compulsory arbitration. As explained in further detail below, the legal issues in this matter predominate over the factual issues, and arbitration would not reduce the time and expense necessary to resolve the dispute.

      Hiscox filed this declaratory judgment action seeking an order that the policy of insurance that it issued to Defendants Highline Developers NY Inc. ("Highline") and HSK Management Inc. ("HSK") (together, the "Insureds") is rescinded and void *ab initio* based on a number of material misrepresentations that it made in its application for the policy. *Exhibit A.* These misrepresentations include the following statements by the Insureds:

- The Insureds did not perform "any design, construction, installation, removal or physical repair of any property or tangible good". *Exhibit A* at p. 2.

- The Insureds did not provide "construction management or advice" or "general contracting" services. *Id.*

Kennedys is a trading name of Kennedys CMK LLP, a limited liability partnership, in New Jersey, United States (with registered number 0450171416)

Kennedys Law LLP, a UK Limited Liability Partnership, is a partner of Kennedys CMK LLP

*Kennedys offices, associations and cooperations:*  Argentina, Australia, Belgium, Bermuda, Bolivia, Brazil, Canada, Chile, China, Colombia, Denmark, Dominican Republic, Ecuador, England and Wales, France, Guatemala, Hong Kong, India, Ireland, Israel, Italy, Mexico, New Zealand, Northern Ireland, Norway, Oman, Pakistan, Panama, Peru, Poland, Portugal, Puerto Rico, Scotland, Singapore, Spain, Sweden, Turkey, United Arab Emirates, United States of America.

Judge Marcia M. Henry
January 24, 2025

Kennedys

- The Insureds had never had a claim made against them in the last five years. *Exhibit A* at p. 3.

- That the individual who submitted the application to Hiscox on behalf of the Insureds, Eli Shilian, was authorized to bind and purchase insurance on behalf of the Insureds. *Exhibit A* at p. 2.

Each of these statements are demonstrably false and were material to Hiscox's decision to issue the policy and, as such, Hiscox is entitled to rescind the policy as a matter of law.

Hiscox first learned of the Insureds misrepresentations when HSK sought a defense from Hiscox in a bodily injury action filed by Nominal Defendant Roud Cesar ("Cesar"), in the Supreme Court of the State of New York, Kings County, Index No. 516895/2024 (the "Underlying Action"). *Exhibit B.* In its investigation of the Underlying Action, Hiscox discovered that:

- Both HSK and Highline were issued general contractors licenses by the New York City Department of Buildings. *Exhibit C.*

- Approximately ten lawsuits had been filed against HSK and Highline within the past five years, most of which arise out of the Insureds' provision of general contracting or construction management services. *Exhibit D.*

After the commencement of the Underlying Action, Mr. Shilian confirmed in writing to Hiscox that:

- HSK was hired as the "GC to construct the property" at issue in the Underlying Action. *Exhibit E.*

- He had "nothing to do with" either HSK or Highline. *Id.*

As demonstrated by the exhibits submitted herewith, each of the aforementioned representations is false and can be supported by documentation already within Hiscox's possession and/or by information that is publicly accessible. Thus, minimal to no discovery is necessary to establish Hiscox's entitlement to rescind the policy as a matter of law. Hiscox intends to seek dispositive relief on an expedited basis.

Moreover, each of the aforementioned representations is material and may serve as a basis for the Court to rescind the Hiscox policy as a matter of law. *See U.S. Underwriters Ins. Co. v. 14-33/35 Astoria Blvd.*, No. 10-CV-1595 ARR JMA, 2014 WL 1653199, at *10 (E.D.N.Y. Apr. 23, 2014) ("Accordingly, because plaintiff has shown that 14–33/35 Astoria [the insured] made material representations on its insurance application, it has established that it is entitled to summary judgment as a matter of law on its rescission claim."); *Scottsdale Ins. Co. v. Bo Steel Grp., Inc.*, No. 14CV07318AMDVMS, 2018 WL 7223724, at *4 (E.D.N.Y. July 2, 2018) (finding that an insured's misrepresentation regarding the nature and extent of its construction work was a material misrepresentation and rescinding the policy as a matter of law); *Courtney v. Nationwide Mut. Fire*

Judge Marcia M. Henry
January 24, 2025

# Kennedys

*Ins. Co.*, 179 F. Supp. 2d 8, 11 (N.D.N.Y. 2001), *aff'd,* 23 F. App'x 91 (2d Cir. 2002) ("The affidavit and underwriting standards support Defendant's [the insurer's] position that if Plaintiffs [the insureds] had truthfully disclosed information about the prior judgments rendered against them and their prior losses, Plaintiffs would have been denied insurance coverage.").

In other words, in order to resolve this matter, the Court will merely need to conclude that the Insureds made misrepresentations and that such misrepresentations were material to Hiscox's decision to issue the policy. Thus, the legal issues in this matter predominate over the factual issues and arbitration is not necessary to resolve this matter expeditiously.

In light of the foregoing, the undersigned respectfully requests that this Court issue an Order exempting this matter from court-annexed arbitration program.

Yours sincerely,

/s/Laura B. Dowgin
Laura B. Dowgin, Esq.
*Attorneys for Defendant*
*Hiscox Insurance Company*
570 Lexington Avenue, 8th Floor
New York, New York 10022
(646) 625-4000

Encl

cc: All Counsel of Record via ECF